HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SCOT B. ACTON,

    Plaintiff,

v.

TARGET CORPORATION, et al.,

    Defendants.

CASE NO. C08-1149RAJ

ORDER

## I. INTRODUCTION

This matter comes before the court on Plaintiff Scot Acton's motion to compel discovery. Dkt. # 31. No party requested oral argument, and the court finds argument unnecessary. The court has considered the parties' briefing and supporting evidence. For the reasons stated below, the court GRANTS the motion in part and DENIES it in part.

## II. BACKGROUND

Mr. Acton worked at Defendants' Target retail store in Burlington from June 2001 until Defendants (collectively "Target") terminated him in December 2007. Mr. Acton worked in the store's Asset Protection department, and by the time of his termination he was the department's head or "employee team leader." Asset Protection employees are responsible, among other things, for preventing and responding to shoplifting and employee theft. In addition to his duties at the Burlington store, Mr. Acton worked in Asset Protection at Target's Bellingham store from January 2007 to June 2007 while

ORDER – 1

Target looked for a replacement for a Bellingham employee who had resigned. Mr. Acton also helped install security cameras at six other Target stores. Both the Bellingham and Burlington stores are among the ten stores in Target's District 157. Jerrod Johnson was the head of Asset Protection for District 157. He shared supervisory authority over Mr. Acton with Jeff Tomlinson, the "store team leader" for the Burlington store.

Mr. Acton contends that Target terminated him because of his disability and in retaliation for invoking the Family and Medical Leave Act ("FMLA") to take leave to accommodate that disability from August 2007 until just before his December 2007 termination. Mr. Acton does not reveal in his motion what disability he allegedly suffers from, and so far as the court is aware, the remainder of the record is similarly silent. Target claims that it terminated Mr. Acton on Mr. Johnson's recommendation because Mr. Acton used excessive force in July 2007 when apprehending a shoplifting suspect at the Burlington store.

The record reflects little information about who was responsible for terminating Mr. Acton. Mr. Acton refers in his motion to his "supervisors," but identifies none of them. Mot. at 6. He mentions a few other employees, but gives the court virtually no information about them. Mr. Johnson declares that he "recommend[ed]" Mr. Acton's termination, but does not reveal to whom he recommended it. Johnson Decl. (Dkt. # 36) ¶ 4.

On this skimpy record, the court now turns to Mr. Acton's motion to compel responses to at least 30 interrogatories and requests for production, spread over two sets of discovery requests.

### III. ANALYSIS

The court has broad discretion to control discovery. *Childress v. Darby Lumber, Inc.*, 357 F.3d 1000, 1009 (9th Cir. 2004). That discretion is guided by several principles. Most importantly, the scope of discovery is broad. A party must respond to any

ORDER – 2

discovery request that is "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The court, however, must limit discovery where its "burden or expense . . . outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving these issues." Fed. R. Civ. P. 26(b)(2)(C)(iii).

Mr. Acton's motion to compel covers dozens of interrogatories and requests for production of documents and things. For the most part, the application of the basic discovery principles to these discovery requests requires little discussion. One issue, however, requires greater elaboration.

Much of the briefing and evidence before the court is devoted to Mr. Acton's effort to take discovery about Target employees throughout the State of Washington. Target asserts (and Mr. Acton does not question) that it employs thousands of people in Washington, and indeed employs more than a thousand people at its Burlington Store alone. Mr. Acton makes no effort to explain why discovery about employees in, for example, Spokane, will be of any value in the pursuit of his claims. He does not allege that the one or more decisionmakers responsible for his termination had similar authority over employees in stores across Washington. Indeed, he has not alleged that any of the decisionmakers responsible for his termination had similar authority over employees in *any* other store, even those that are close in proximity to the Burlington store. He does not allege that Target has a statewide policy, much less that this statewide policy bears on his claims. In short, he gives the court no basis to conclude that forcing Target to provide information on employees in stores across Washington would lead to the discovery of admissible evidence.

In place of cogent argument connecting his case to evidence concerning other Target stores, Mr. Acton repeatedly asserts that he is seeking "pattern and practice" evidence. Mot. at 4, 7-9. He is not, however, attempting to prove a pattern-or-practice

ORDER – 3

*claim*, nor is it likely that he could do so, as every court to address the issue has held that individuals may not pursue such claims on their own behalf. *See*, *e.g.*, *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 969 & n.30 (11th Cir. 2008) (citing cases from three other circuits). Pattern-or-practice evidence, moreover, is discoverable only where a plaintiff can make some showing to connect it to his claims. It is typically easy to do so where the evidence relates to other discriminatory conduct at the same workplace. Indeed, with one exception, every case that Mr. Acton relies on in his misplaced pattern-or-practice argument is one in which a court at least implicitly approves of discovery regarding discrimination within the same work facility. *See* Acton Mot. at 7-9 (citing cases). But for that single exception, none of the cases Mr. Acton cites so much as refer to a pattern or practice of discrimination.

      The exception, moreover, merely highlights the difference between appropriately extending employment discrimination discovery to other workplaces and the discovery misadventure that Mr. Acton proposes. In *EEOC v. Lowe's HIW, Inc.*, Case No. C08-331JCC, Dkt. # 120 (Dec. 23, 2008), the Honorable John C. Coughenour of this District considered sexual harassment claims from five plaintiffs who worked at a nationwide retailer's Longview store. To bolster their claim to discovery regarding discrimination claims at stores throughout Washington and Oregon, the plaintiffs presented (apparently unrebutted) assertions that the actors and decisionmakers involved in discriminating against them were regional-level managers. *Id.* at 7. At least five of the discriminators or their managers had worked at the retailer's other stores in Washington and Oregon. *Id.* at 8. The human resources personnel who addressed plaintiffs' complaints supported other stores in the region. *Id.* For those reasons, the court permitted the plaintiffs to pursue limited discovery as to employees in other stores. *Id.* (declining to permit discovery as to race or disability discrimination). In this case, by contrast, there is a single plaintiff, and virtually no evidence or allegation to suggest that his claims require discovery into other stores' employees. There is no suggestion that decisions regarding Mr. Acton were made

ORDER – 4

at the statewide level. With the exception of Mr. Johnson, who had partial supervisory authority over Asset Protection employees in District 157, there is no evidence of any supervisor with authority at more than one Target store. There is no evidence that human resources staff with responsibility for more than one store participated in the decision to terminate Mr. Acton. Indeed, with the exception of the Bellingham store, at which Mr. Acton filled in for a short time, and six unidentified stores at which he installed security cameras, there is no information at all about any other Target store.

Information regarding other instances of discrimination by an employer can be relevant. Information about prior discrimination at the *same location* is particularly relevant, as the cases Mr. Acton cites amply illustrate. To extend discovery into other stores spread across an entire state, however, a plaintiff cannot rely solely on repeated cries of a pattern or practice of discrimination. *See, e.g.*, *Gitty v. Oak Park*, 919 F.2d 1247, 1252 & n.7 (7th Cir. 1990) (upholding denial of discovery into other instances of discrimination, noting that a pattern or practice of discrimination is at most "collaterally relevant" to an individual discrimination claim). To be sure, there is no categorical bar on the pursuit of such evidence. *See Lowery v. Circuit City Stores, Inc.*, 158 F.3d 742, 761 (4th Cir. 1998) (explaining how pattern and practice evidence can be relevant to an individual discrimination claim). In this case, however, where Mr. Acton offers no factual predicate for extending discovery on a statewide basis, the denial of such discovery is well within the court's discretion. *See*, *e.g.*, *Maresco v. Evans Chemetics*, 964 F.2d 106, 114 (2d Cir. 1992) (noting court's broad discretion to control discovery of discrimination against other employees); *EEOC v. AMB Indus., Inc.*, No. 1:07-cv-01428-LJO-TAG, 2008 U.S. Dist. LEXIS 105649, at *20-24 (E.D. Cal. Dec. 22, 2008) (rejecting, in employment discrimination class action, request for statewide discovery).

With those guidelines in mind, the court now turns to the parties' discovery disputes. Mr. Acton claims that Target either did not respond or responded incompletely to at least 30 discovery requests. Rather than address each request individually, an

ORDER – 5

exercise that would convert this order into a novella, the court will make a series of orders about categories of discoverable information. Each order will require Target to provide a written response, to produce documents, or both. Target must sign its written responses in the manner described in Fed. R. Civ. P. 33(b). To the extent Target has partially or completely provided the written response or documents that each order requires, it shall state as much. To the extent that these orders do not address one or more aspects of Mr. Acton's motion to compel, the omission is intentional, and that portion of the motion is denied.

**A.     Videotapes**

Target has satisfied its obligation to produce analog and digital video recording of the shoplifter apprehension that allegedly led to Mr. Acton's termination. No further production or reformatting is required. The same is true of Defendants' production of "Best Of" videos, which are apparently videos showing a collection of shoplifter apprehensions from Target Stores across the country. These videos are relevant because they were used in the training of Asset Protection employees. Target need not identify the stores or employees depicted in the "Best Of" videos. Finally, Target must produce any other videos depicting shoplifter apprehensions that were shown *for training purposes* either to Mr. Acton, other Burlington employees, or to any employee who participated in the decision to discipline Mr. Acton. To the extent Target has documents referring to any of the videos described in this paragraph, it must produce them.

**B.     Information Regarding Other Target Employees**

Mr. Acton has moved to compel interrogatory responses and document production as to an extraordinary number of Target employees. He requests complete personnel files for dozens of employees without identifying any justification for reviewing their entire files. He seeks to compel Target to review employee information for its stores across the state of Washington, despite failing to demonstrate the relevance of information related to employees other than at Target's Burlington store. Although the court declines to discuss

ORDER – 6

each request for production and interrogatory in this order, it has examined each of them and considered them individually and collectively. They are strikingly overbroad, and the court makes a substantial understatement in declaring that they would impose undue burden and expense on Target. The court will require Target to produce only the following information and documents.

### 1. For all Asset Protection employees in District 157 from the beginning of 2002 to the end of 2008

Target must name all such employees, and identify which stores they worked at, which position or positions they held, and the duration of their employment. To the extent Target's counsel will not be representing these employees with respect to this lawsuit, it shall provide contact information for those employees.

Target must identify any such employees terminated, disciplined, or investigated for incidents involving the apprehension or confrontation of persons suspected of theft, and produce any documents related to such apprehensions, confrontations, or investigations. In identifying those employees, Target must state the store or stores at which they worked, the duration of their employment, and the reason that they ceased working at Target (if applicable).

### 2. For all employees at Target's Burlington store from the beginning of 2002 to the end of 2008

Target must identify any such employees who requested leave under the Family Medical Leave Act. In identifying those employees, Target must state the reason for the FMLA request, whether the request was granted or denied, the duration of the leave (if applicable) the store or stores at which they worked, the duration of their employment, and the reason that they ceased working at Target (if applicable).

Target must identify any such employees who made a claim of discrimination on the basis of their disability status or retaliation for protected activities involving disability status or FMLA leave, including any related lawsuits against Target. In identifying those employees, Target must state when they made the claim or filed the lawsuit, the store or

ORDER – 7

stores at which they worked, the duration of their employment, and their reason that they ceased working at Target (if applicable). Target must produce any documents related to those claims or lawsuits and their investigation and resolution.

As to each of the above categories, the court has generally declined to order Target to produce discovery related to employees who sought accommodation for a disability. The court does so because Mr. Acton has not revealed what disability affects him, and has not revealed any accommodation that he requested for that disability, other than his FMLA leave in 2007. Without that information, the court is in no position to determine which Target employees might serve as comparators, or what types of disability accommodation requests might be relevant to Mr. Acton's claims.

**C.   Additional Discovery**

To the extent it has not already done so, Target must identify any employees involved in the decision to terminate Mr. Acton, and must provide a description of the authority each such employee had to recommend or approve disciplinary measures against Mr. Acton.

Target must describe the process that led to Mr. Acton's termination, beginning with the first discovery of the incident for which he was allegedly fired.

Target must produce any training or informational materials provided to employees in District 157 regarding FMLA leave and FMLA leave requests.

Target must describe any procedures for employees to internally lodge complaints at its Burlington store from the beginning of 2002 through the termination of Mr. Acton's employment, and must produce any documents describing those procedures.

Target must produce Mr. Acton's complete personnel file. To the extent they are not contained in Mr. Acton's personnel file, Target must produce all documents related to any contemplated or completed disciplinary actions against Mr. Acton, any complaints made by Mr. Acton (other than this lawsuit) and the resolution of those complaints, and

ORDER – 8

any documents related to Mr. Acton's requests for disability accommodation or FMLA leave.

### IV. CONCLUSION

The court GRANTS in part and DENIES in part Mr. Acton's motion to compel (Dkt. # 31), in the manner stated above. Target shall provide additional discovery as ordered above no later than November 18, 2009.

DATED this 16th day of October, 2009.

The Honorable Richard A. Jones
United States District Judge

ORDER – 9