UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SCOT B. ACTON,

    Plaintiff,

v.

TARGET CORPORATION, et al.,

    Defendants.

CASE NO. C08-1149RAJ

ORDER

## I. INTRODUCTION

This matter comes before the court on Plaintiff Scot Acton's motion (Dkt. # 60) to reconsider the court's October 16, 2009 order on his motion to compel, a motion (Dkt. # 62) for a protective order and a motion (Dkt. # 57) to exclude a witness from Defendant Target Corporation ("Target"), and a motion to seal (Dkt. # 65). Plaintiff requested oral argument on Target's motions, but the court finds argument unnecessary. For the reasons stated below, the court DENIES the motion to reconsider, DENIES the motion to seal, DENIES the motion for protective order subject to certain conditions, and GRANTS the motion to exclude. The court also GRANTS the parties' stipulation (Dkt. # 79) to take a single deposition three days after the discovery cutoff. Finally, the court orders Mr. Acton's counsel to show cause why the court should not impose sanctions for a false representation of fact to the court.

ORDER – 1

## II. BACKGROUND

The court summarized the facts underlying this case in its October 16, 2009 order (Dkt. # 56) granting in part and denying in part Mr. Acton's motion to compel discovery. In that order, the court observed that Mr. Acton's discovery requests were "strikingly overbroad," and that it was a "substantial understatement" to say that they would impose undue burden and expense on Target. Oct. 16 ord. at 7.

The court's disapproval of Mr. Acton's "strikingly overbroad" discovery requests has not deterred him. Not only has Mr. Acton asked the court to reconsider its prior order, he has become embroiled in an additional discovery dispute in which he has taken the same approach to discovery.

Ten days after the October 16 order, Mr. Acton noted a Fed. R. Civ. P. 30(b)(6) deposition of Target. Rule 30(b)(6) requires the deposition proponent to "describe with reasonable particularity" the topics into which he will inquire. Mr. Acton's list of topics is 12 pages long. Capelli Decl. (Dkt. # 63), Ex. 1. Counting only numbered topics and explicitly enumerated subtopics, he lists 96 separate topics of inquiry. *Id.* This number understates the scope of the deposition notice substantially, as Mr. Acton expects Target's 30(b)(6) designees to testify about those topics as to dozens of Target employees and executives. *Id.* For example, one topic directs Target to prepare testimony on 12 subtopics as to 12 employees; another requests testimony on 13 subtopics as to 16 employees. *Id.* (topics 5 and 6). Adding these to topics to the count, Mr. Acton has proposed well over 400 separate areas of inquiry. Again, the court substantially understates the scope of the deposition notice. Although the parties have made some effort to narrow the scope of the deposition, Target has moved for a protective order.

In addition, Target has moved to exclude Donald P. Van Blaricom as an expert witness for Mr. Acton. Mr. Van Blaricom has nearly 30 years of experience in law enforcement, and has provided expert testimony on police practices in numerous lawsuits. In this case, however, he purports to offer expert testimony about Mr. Acton's

ORDER – 2

use of force during the interrogation of a shoplifting suspect in the Burlington Target Store where Mr. Acton worked. According to Target, Mr. Acton's excessive use of force was the reason it terminated his employment.

The court now turns to the motions before it.

### III.   ANALYSIS

**A.   Motion for Reconsideration**

The court begins with Mr. Acton's motion to reconsider the court's October 16 order. To prevail on that motion, he must meet a high standard:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Local Rules W.D. Wash. CR 7(h)(1). Mr. Acton claims that both new facts and the court's manifest error warrant reconsideration.

According to Mr. Acton, the court committed manifest legal error by not recognizing that evidence of what happened to other Target employees is potentially relevant to his claim of discrimination. Mr. Acton is mistaken. The court explicitly recognized that "[i]nformation regarding other instances of discrimination by an employer can be relevant." Oct. 16 ord. at 5. The court also recognized, however, that for an enterprise as large as Target, not every employee's treatment is relevant. Mr. Acton sought extensive discovery about all Target employees in Washington. The court noted that Target had thousands of Washington employees, and that Mr. Acton had failed to establish any nexus between the treatment of employees statewide and his treatment at the Burlington store. In particular, the court noted that Mr. Acton had "not alleged that any of the decisionmakers responsible for his termination had similar authority over employees in any other store, even those that are in close proximity to the Burlington

ORDER – 3

store."[1]  Oct. 16 ord. at 3.  Courts have permitted inquiry into the circumstances of employees at the statewide or regional level where the plaintiff establishes that the decisionmakers responsible for his termination had similar responsibilities at the state or regional level.  In accordance with those principles, none of which are challenged in the motion for reconsideration, the court permitted Mr. Acton to take substantial discovery about other employees.  It permitted discovery over a six-year period as to all Asset Protection employees in District 157, the Target region in which Mr. Acton worked, and it permitted discovery as to all employees over the same period in the Burlington Store.  The court did not manifestly err in reaching that conclusion, and Mr. Acton presents no legal authority to the contrary.[2]

Mr. Acton also claims that new facts justify reconsideration.  He points primarily to two sets of "newly discovered" facts.  First, he contends that Target disclosed for the first time in an October 29, 2009 declaration from Jerrod Johnson that four Target executives with regional authority had input into Mr. Acton's termination.  Second, he relies on testimony at the July 15, 2009 deposition of Peter Findlay.

The July 15 deposition testimony does not constitute "new facts . . . which could not have been brought to [the court's] attention earlier with reasonable diligence," as a motion for reconsideration requires.  Local Rules W.D. Wash. CR 7(h)(1).  On July 15, Mr. Acton's motion to compel had been pending for fewer than 20 days.  The court did not resolve the motion until October 16.  Mr. Acton offers no explanation for why he was

---

[1] Mr. Acton identified *none* of the decisionmakers responsible for his termination in his prior motion to compel, an omission that the court noted.  Oct. 16 ord. at 2 ("Mr. Acton refers in his motion to his 'supervisors,' but identifies none of them.").

[2] Mr. Acton's motion for reconsideration includes an apology for referring to evidence of other employees as "pattern and practice evidence."  To the extent that Mr. Acton believes that the court's comments on his mistaken use of that phrase somehow made the court unable to recognize that evidence of discrimination against similarly situated employees is relevant, he is mistaken again.  The court never doubted the relevance of such information, it has merely found that Mr. Acton failed to establish that Target employees statewide are similarly situated to him.

ORDER – 4

unable to supplement the record on the motion to compel in the three months between the deposition and the court's order.

Even if Mr. Acton could explain his failure to bring Mr. Findlay's deposition testimony to the court's attention sooner, the testimony does not warrant a different result on the motion to compel. Mr. Findlay was an Asset Protection employee who was in the room during the interrogation that allegedly led to Mr. Acton's termination. According to Mr. Findlay, no Target decisionmaker ever asked him about his version of events. His testimony is certainly relevant, but it has no bearing on whether evidence related to employees in Richland (for example) is relevant to Mr. Acton's claims.

Mr. Acton's representations related to Mr. Johnson's declaration are much more troubling. Mr. Johnson is in charge of Asset Protection for District 157. On October 29, he filed a declaration in support of Target's motion for a protective order listing four executives who were consulted about Mr. Acton's termination: Rylan Rankin, Michael Brewer, Rob Parke, and Nikki Solace. Mr. Acton refers to this statement as "newly discovered facts," Mot. (Dkt. # 60) at 1, and "new facts, Mot (Dkt. # 60) at 3. He also explains in a footnote that he could not provide "a more detailed attack" in his prior motion because he "did not have more detailed (and less misleading) assertions such as Johnson's October 29, 2009 Declaration" at the time. Mot. (Dkt. # 60) at 2 n.1. The same representation is repeated in the declaration of Mr. Acton's counsel. DeLong Decl. (Dkt. # 61) ¶ 5.

These representations are false. Almost a year before Mr. Johnson's October 2009 declaration, Target provided the same information to Mr. Acton in its discovery responses. The reason the court is aware of this is that Mr. Acton relied on those discovery responses in his motion to compel. His counsel provided a declaration attaching Target's November 6, 2008 responses to Mr. Acton's first set of discovery requests. DeLong Decl. (Dkt. # 33) ¶ 3, Ex. A. Target's response to Interrogatory 7 lists every decisionmaker with input into Mr. Acton's termination, including Rylan Rankin,

ORDER – 5

Michael Brewer, Rob Parke, and Nikki Solace. *Id.* Target provided a narrative describing each person's role in the termination process. *Id.* That narrative is more detailed that the description Mr. Johnson gave in his declaration a year later. Target's response to Interrogatory 2 provides the job titles for each of those executives, and the titles themselves reveal whether they had regional responsibility. In other words, Mr. Acton has known the names and job title of every decisionmaker involved in his termination since November 2008, but he nonetheless represented to the court that he did not learn this information until October 29, 2009.

The court finds no merit to Mr. Acton's assertion that newly discovered evidence warrants reconsideration of the October 16 order. As he has shown neither new evidence nor manifest legal error, the court denies the motion. Moreover, the facts recited in the previous paragraph raise a question as to whether Mr. Acton's counsel made a deliberate misrepresentation to the court. The court therefore orders Mr. Acton to show cause why the court should not impose sanctions.

**B.   Motion for Protective Order**

Target asks the court to either prohibit Mr. Acton's proposed Rule 30(b)(6) deposition or to substantially limit its scope. The request is well founded. Mr. Acton's notice of topics is not only enormously overbroad, it appears to be intentionally so. No reasonable person could believe that Target could prepare one or more deponents to testify on the topics he has proposed without incurring undue burden and expense.

Rather than attempt to sift the appropriate topics in Mr. Acton's list from those that are not, the court imposes the following remedy. Mr. Acton may conduct a Rule 30(b)(6) deposition of Target, and may use the list of topics attached to his deposition notice. The court, however, expects the parties to rigorously enforce the 7-hour time limit of Fed. R. Civ. P. 30(d)(1). Mr. Acton has not requested a longer deposition, and a longer deposition is not warranted in this instance. The court observes that with well over 400 topics of inquiry, a 7-hour deposition will permit Mr. Acton less than a minute

ORDER – 6

to inquire into each topic.  This seems an extraordinarily unproductive use of Mr. Acton's time, but he is welcome to use his time as he sees fit.  The court notes, moreover, that it would be unreasonable to expect Target to be able to fully prepare one or more deponents to respond to every topic.  Should Mr. Acton discover at the deposition that Target is unprepared on one or more subjects, it is unlikely he will have anyone to blame but himself.  In particular, he should not expect Target to prepare testimony to address topics that exceed the discovery parameters that the court set in the October 16 order.  Target is not excused from making a reasonable effort to prepare for a productive deposition, but the court recognizes that it will be very difficult for Target to do so with Mr. Acton's overbroad Rule 30(b)(6) notice.  Mr. Acton would be well advised to limit the topics to those within the scope of discovery that can be reasonably covered in a 7-hour period.

The court declines to address Target's concerns that some of Mr. Acton's topics seem aimed at testimony protected by attorney-client privilege or work product protection.  Without knowing the questions Mr. Acton might ask, the court cannot resolve this issue.  Target must make its privilege objections at the deposition.

Before leaving the parties' discovery requests, the court cautions Mr. Acton that the court has now twice resolved motions by determining that his discovery conduct was inappropriate.  His conduct raises the inference that he is propounding burdensome discovery not to support his case, but to heap expense on Target.  The evidence suggests that Mr. Acton's discovery is so overbroad that even he cannot synthesize the information he receives.  Assuming his counsel did not deliberately misrepresent its lack of knowledge about who had input into Mr. Acton's termination, then the inference is that counsel was unable to extract relevant information from the many pages of interrogatories and requests for documents propounded on Target, even though it has had Target's responses for more than a year.  The court will impose sanctions if Mr. Acton continues to propound overbroad and burdensome discovery.

ORDER – 7

## C. Motion to Exclude Mr. Van Blaricom

The court will not permit Mr. Van Blaricom to testify at trial. He no doubt has substantial experience in law enforcement. By contrast, he has limited experience in private security. More importantly, whatever expertise he has as a result of that limited experience is either not relevant or marginally relevant in this action. Although Mr. Acton devotes much argument to constitutional standards for the use of force, those standards manifestly do not apply in this case. Target is free to impose whatever standards it wishes for the use of force by its employees. It can, if it chooses, terminate an employee for even the slightest use of force. Target is not held to a standard of reasonableness, and thus Mr. Van Blaricom's opinions about the appropriate use of force make no difference. In this case, the appropriateness of the use of force is to be judged entirely by Target.[3] Mr. Acton is of course free to claim that Target's insistence that he used excessive force is pretextual, or that it applied different use-of-force standards to other employees. Mr. Van Blaricom has nothing to offer to assist him in that effort. He will not testify.

Mr. Acton filed a surreply requesting that the court strike numerous alleged misrepresentations in Target's reply brief. The court denies that request. The court excludes Mr. Van Blaricom's testimony for the simple reason that it is not relevant, and the statements Mr. Acton challenges have no bearing on that determination. Even if they did, however, the court would not strike the statements. The court cautions Mr. Acton that it will consider sanctions should he file another baseless motion to strike.

Mr. Acton also filed a motion to seal two documents he submitted in support of his opposition to the motion to exclude Mr. Van Blaricom. To prevail on such a motion in connection with a non-dispositive motion, a party must show, by declaration or affidavit,

---

[3] Mr. Acton complains that Target has designated some of its executives as "experts" on Target's use-of-force policies. The court assumes that Target used the term "expert" informally. If not, and if Mr. Acton objects to their designation as expert witnesses, it is his obligation to bring a motion. Complaints about Target's witnesses are no basis to permit the testimony of Mr. Van Blaricom.

ORDER – 8

good cause to seal the documents. Local Rules W.D. Wash. CR 5(g)(2), 5(g)(4). In this case, Mr. Acton has submitted neither a declaration nor any argument demonstrating good cause to seal the documents. They are Target documents, and Target has offered no reason to keep them under seal. For that reason, the court denies the motion to seal. The court directs the parties to meet and confer before filing any motion to seal to determine if there is a need to file the motion.

## IV. CONCLUSION

For the reasons stated above, the court DENIES Mr. Acton's motion for reconsideration (Dkt. # 60) and DENIES his motion to seal (Dkt. # 65). The court GRANTS Target's motion to exclude Mr. Van Blaricom (Dkt. # 57) and DENIES its motion for a protective order (Dkt. # 62) subject to the limitations on Mr. Acton's Rule 30(b)(6) deposition stated in this order.

The court orders Mr. Acton's counsel to submit a declaration by January 15, 2010 that shows cause why the court should not impose sanctions for the false statements made in conjunction with the motion for reconsideration. To the extent that Target has information bearing on whether counsel's misrepresentation was intentional or not, it may also submit a declaration on the same date.

The court also GRANTS the parties' stipulation (Dkt. # 79) to take the deposition of Levi Nyberg on January 7, 2010, three days after the discovery cutoff.

DATED this 21st day of December, 2009.

_Richard A. Jones_
The Honorable Richard A. Jones
United States District Judge

ORDER – 9